**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LUIS ANGEL PARILLA SANES,<br><br>    Petitioner,<br><br>         v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civ. NO. 02-2529 (PG)<br>(Re: Crim No. 98-123) |

**OPINION AND ORDER**

Before the Court is Chief Magistrate Judge Justo Arenas' Report and Recommendation ("R&R") (Docket No. 41) regarding petitioner's Motion to Vacate and Memorandum of Law in Support. (Docket Nos. 1, 30, & 32.) The Magistrate Judge recommends that petitioner's motion be denied without a hearing. Upon reviewing the objections filed as well as the record of the case, the Court **APPROVES and ADOPTS** the Magistrate Judge's R&R and **DENIES** petitioner's motion to vacate.

**BACKGROUND**[1]

Petitioner Luis Angel Parilla-Sanes ("Parillas-Sanes"), and a co-defendant were indicted on June 3, 1998 in two counts of a three-count indictment with knowingly, wilfully, unlawfully, and intentionally combining, confederating, and agreeing with each other and others known and unknown to commit offenses against the United States to knowingly and intentionally possess with the intent to distribute (Count I), and import (Count II), in excess of five kilograms of cocaine, a Schedule II narcotic drug controlled substance. Petitioner was the only defendant to go to trial and was found guilty on May 6, 1999. Petitioner was sentenced on September 17, 1999. The Base Offense Level was determined of at least 50 kilograms but less than 150 kilograms of cocaine, that is, 36. The court increased the Base Offense Level by 2 levels since a dangerous weapon was possessed. Another 2 level increase

---

[1] The parties do not object to the Magistrate Judge's factual findings, hence, the Court culls the relevant facts and procedural background from the R&R.

Civ. No. 02-2529 (PG)                                                    Page 2
(Re: Crim No. 98-123)

was attributed to an obstruction of justice so that the Total Adjusted Offense Level was 40. With a Criminal History Category of I, the applicable sentencing range was 292-365. The court then sentenced petitioner to the lower end of the range, 292 months.

Parilla-Sanes appealed his conviction in the Court of Appeals for the First Circuit. On April 9, 2001, the appellate court affirmed petitioner's conviction. See United States v. Parrilla Sanes, No. 99-2158, slip op.; 6 Fed. Appx. 38, 2001 WL 355563 (1st Cir. Apr. 9, 2001). A petition for a writ of certiorari was filed and certiorari was denied. See Parrilla-Sanes v. United States, 534 U.S. 937 (2001). On October 11, 2002, Parrilla-Sanes filed the motion presently before the Court. (Docket No. 1.)  The matter was referred to Magistrate Judge Arenas on October 28, 2002. (Docket No. 3.) After two and a half bumpy years, (see Docket Nos.  14-31), the R&R was finally issued on June 9, 2005. Petitioner filed his objections on June 24, 2005. (Docket No. 42.)

**DISCUSSION**

**I.   Standard for Reviewing a Magistrate-Judge's Report and Recommendation**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or

Civ. No. 02-2529 (PG)                                                        Page 3
(Re: Crim No. 98-123)

modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," 'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**II. Analysis**

The Magistrate Judge thoroughly reviewed each and every argument raised by the petitioner and found them all to be without merit. Petitioner focuses his objections on the Magistrate Judge's findings regarding ineffective assistance of counsel, juror misconduct, and Blakley/Booker[2].

**A. Ineffective Assistance of Counsel Standard and Juror Misconduct**

Petitioner extensively argued in his memorandum that the court committed error in not inquiring of the jury regarding the incident of jurors commenting on petitioner's guilt and making up their mind prior to deliberation[3]. As the Magistrate Judge explained, this matter was raised by counsel at the end of the trial and the court gave the matter little importance. As both parties noted in their memoranda, the trial judge has abundant discretion to fashion any appropriate remedy or procedure to determine whether jury misconduct actually occurred, and if so, whether it was prejudicial.

The Magistrate Judge concluded in his R&R that the allegation is, if anything, conclusory. Other than petitioner's argument that a juror or jurors said he was guilty, there is no sworn or unsworn statement by petitioner which would put the court on notice that any portentous act had occurred. Furthermore, there were no witnesses to the statements except for petitioner, thus, the Magistrate Judge understood that the Court might naturally have

---

[2] Petitioner failed to raise objections to the other findings by the Magistrate Judge therefore, they are deemed waived.

[3] During the rebuttal closing argument, at sidebar, defense counsel informed the court that petitioner overheard jurors stating that he was guilty.

Civ. No. 02-2529 (PG)                                                     Page 4
(Re: Crim No. 98-123)

thought the allegation to be a delaying tactic in what ultimately was a losing battle.  Furthermore, the Magistrate Judge concluded that based on the layout and arrangement of the courtroom, it was fairly impossible and extremely unlikely for the petitioner to hear a juror commenting on his guilt without either a marshal, courtroom deputy, court reporter, or, indeed, the trial judge also hearing the comment[4].

As to whether counsel's action or inaction was adequate in a Sixth Amendment sense, the Magistrate Judge correctly considered that petitioner's trial counsel did in fact notify the court of petitioner's allegations. The Magistrate Judge understood that as unlikely as the court considered petitioner's alleged observations to be, it was not required to further conduct what would have been an extensive voir dire, and poll the jury, or give a curative instruction to a jury which would be given instructions in relation to their duties as jurors. In sum, the Magistrate Judge concluded that although at first glance it would appear as if the allegation was placed aside too quickly, it was not colorable and defense counsel did what he had to do to bring the matter to the court's attention.

Upon reading petitioner's objections, the Court find they contain the same arguments he raised in his motion to vacate and supporting memorandum. (See Docket No. 30 at 9-18 and Docket No. 3-8.) Petitioner is simply rehashing arguments which were considered and ultimately denied by the Magistrate Judge.

> "[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore

---

[4] The Magistrate Judge discussed in detail the layout of the trial judge's courtroom:  Petitioner was seated at the defense table which, as one faced the bench in the year 2001, was perpendicular to and near the right wall of the courtroom, with chairs facing the judge. As one faces the bench, the jury box is parallel to the left wall of the courtroom and the prosecutor's table is to the immediate right of the jury well. The defense and prosecution tables were then separated by a space of about 10 to 15 feet in the year 2000. From the jury box to the far wall, the distance would be 40 to 45 feet. The judge might very well have thought how it was that petitioner could hear something from the jury that the judge did not hear. Thus the court's understandably skeptical reaction. (Docket No. 41 at 12.)

Civ. No. 02-2529 (PG)                                                    Page 5
(Re: Crim No. 98-123)

> of traversing ground already plowed by the magistrate
> except in those areas where [petitioner] ..., can in
> good conscience complain to the district judge that and
> objection to a particular finding or recommendation is
> 'well grounded in fact and is warranted by existing law
> or . . . reversal of existing law. . .'.".

Sackall v. Heckler, 104 F.R.D. 401, 403 (1st Cir. 1984)

Here, the judge gave appropriate jury instructions before each break and at the end of each day. The jury was well instructed not to discuss the case among themselves and to keep an open mind. What is more, petitioner subsequently had an outburst where he jumped up and yelled in front of the jury "YOUR HONOR, THE TRUTH HAS TO BE SAID!" The jury was excused and in the ensuing dialogue with the court, petitioner did not raise the issue of any juror stating that he was guilty, but rather argued factual issues related to the evidence. As the Magistrate Judge states, petitioner stopped giving the matter importance while the alleged incident was fresh not only in his mind but in the scenario of the trial. We concur with the Magistrate Judge's assessment of petitioner's allegations and upon carefully reviewing the record adopt his recommendation.

### B. Blakely/Boooker

With regards to the Blakely/Booker claim, the Magistrate Judge determined that because Blakely and Booker do not apply retroactively to cases on collateral review thus, petitioner's effort failed.

Petitioner objects to the Magistrate Judge's conclusion arguing that Blakely and Booker both apply retroactively, and that his sentence under a mandatory guidelines system should be vacated, and that, if no new trial is granted, he should be resentenced in a manner that will allow the Court to consider the other factors listed in §3553(a). He further argues that to the extent that Blakely and Booker are applications of the rule in Apprendi, decided while petitioner's case was on direct appeal, he should be given the benefit of the remedy set forth in Booker.

Civ. No. 02-2529 (PG)                                                   Page 6
(Re: Crim No. 98-123)

As the Magistrate Judge's accurately stated Blakely, like Booker is not retroactive. See McReynolds v. United States, 397 F.3d 479, 480 (2nd Cir. 2005), cert. denied, 2005 WL 1105926 (U.S. June 6, 2005). See Cirilo-Munoz v. U.S., 404 F.3d 527, 533 (1st Cir. 2005). Likewise, none of the announced guideline-related rules have been applied retroactively to cases on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004), where the Supreme Court concluded that the new requirements in Ring v. Arizona, 536 U.S. 584, 602 (2002), which, like Blakely and Booker, applied Apprendi principles, do not apply retroactively to cases on collateral review. See Schriro, 542 U.S. at 358. In sum, Petitioner's objection is simply not supported by case-law. See U.S. v. Booker, 543 U.S. 220, 769 (2005).

## CONCLUSION

Therefore, in view of the above, the Court APPROVES and ADOPTS the Magistrate Judge's R&R, and accordingly, **DENIES** petitioner's motion. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 25, 2006.

                                            S/JUAN M. PEREZ-GIMENEZ
                                            U. S. DISTRICT JUDGE